# Commonwealth ex rel. *v.* Clemens, Appellant.

*School law—Joint public high school—Agreement with other districts—Refusal of secretary to sign agreement—Mandamus—Act of May 18, 1911, sections 1801-1803, P. L. 309.*

1. Under the Act of May 18, 1911, sections 1801-1803, P. L. 309, it is not necessary that there should be a joint meeting of the directors of several school boards to authorize the establishment of a joint public high school.

2. Such an agreement may be approved and authorized by each of the boards meeting separately, and, when a board has duly authorized the agreement, the secretary of such board, if he refuses to sign it, may be compelled to do so by mandamus proceedings.

Argued March 23, 1925. Appeal, No. 80, March T., 1925, by defendant, from order of C. P. Washington Co., Feb. T., 1925, No. 37, awarding mandamus, in case of Commonwealth ex rel. School District of Amwell Twp. v. Birdell Clemens. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for mandamus. Before CUMMINS, P. J.

The opinion of the Supreme Court states the facts.

Mandamus awarded. Defendant appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Clyde W. Hufford,* with him *Harry F. Moore,* for appellant.

*R. W. Knox,* for appellee, was not heard.

PER CURIAM, April 13, 1925:

The directors of the adjoining fourth-class school districts of the Townships of Amwell, Canton, North Franklin and South Strabane, in Washington County, desiring to establish and maintain a joint public high school, following informal consultations, had prepared, and sub-

mitted to the directors of each district, an agreement designating the location of the proposed school and setting forth the terms and conditions under which the property should be acquired and the school maintained.  At a meeting of the Amwell Township directors, at which all members were present, a resolution was adopted by a majority of the board, approving the agreement and directing the president and secretary to join with the officers of the other three districts in its execution.  The president, pursuant to instructions contained in the resolution, signed the contract on behalf of the Amwell School District; defendant, as secretary of the board, refused to comply with the directions contained in the resolution and this petition for a mandamus to compel him to act followed.  To defendant's answer, plaintiff demurred, and, after hearing, the court below ordered defendant as secretary of the board to sign and attest the agreement and transcribe it in the minutes of the school district.  Defendant appealed.

The School Code (Act of May 18, 1911, P. L. 309, secs. 1801, 1802 and 1803) authorizes and empowers two or more adjoining school districts to establish and maintain joint high schools, "or any other kind of schools," under such terms and conditions as may be agreed upon by the directors of the several districts.

Defendant's answer admits practically all facts set out in the petition, averring, however, that the contract presented for execution was not an agreement, in terms, contemplated by law, but merely "a proposal of acceptable terms and conditions for the anticipated action of the other school districts therein named," and that there should be a joint meeting of the directors of the several boards, at which the agreement must be authorized, previous to its being executed by the members of the different boards.  In this contention we do not concur. The agreement now before us fully complies with all requirements of the code, and in no part of that legislation is joint action required by the directors in considering

the advisability of providing a high school for the use of the different districts. That conclusion may be reached in other ways, but after the boards have severally acted and the agreement or contract for the joint school is entered into, then their members are authorized to meet together, and, as a united body, "exercise the same power and authority over the same as the several boards exercise over the schools in their respective districts." In the present case, the board having acted in accordance with the requirements of the school code, it became the duty of defendant as its secretary to sign the agreement and transcribe it on the minutes.

The order of the lower court is affirmed. Costs of this appeal to be paid by appellant.